WWR#05451782

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA AT MINNEAPOLIS

| | |
|---|---|
| IN RE: | CASE NO. 06-41527 |
| ANDREA L. PORTINGA | CHAPTER 7 |
| | JUDGE KRESSEL |
| DEBTOR | |

## REAFFIRMATION AGREEMENT WITH CITIZENS BANK

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5)
☒ Part B: Reaffirmation Agreement
☒ Part C: Certification by Debtor's Attorney

☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval
☐ Proposed Order Approving Reaffirmation Agreement

☐ *When checked,* Creditor is a Credit Union

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1. DISCLOSURE STATEMENT

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

Date of Disclosure Statement: August 14, 2006

### SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

| | | |
|---|---|---|
| a. | The amount of debt you have agreed to reaffirm: | $17,636.72 |
| b. | All fees and costs accrued as of the date of this disclosure statement, related to the amount of debt shown in a., above: | $0.00 |
| c. | The total amount you have agreed to reaffirm (Debt and fees and costs) (Add lines a. and b.): | $17,636.72 |

*Your credit agreement may obligate you to pay additional amounts, which may come due after the date of this disclosure. Consult your credit agreement.*

**Annual Percentage Rate:** 7.99%

**Part B:**

The creditor will retain a security interest in the following goods or property:

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2006 KIA SPORTAGE | $17,365.00 |
| GAP Insurance | $600.00 |

**Repayment Schedule:**

Payment on the above debt is to be made in the following manner:
   (1)   Any arrears on this obligation shall be paid in full by August 21, 2006.
   (2)   Regular payments shall be in the amount of $346.44 and are due on the 21st of each month beginning on August 21, 2006, and continuing on the same day of each month thereafter until this obligation is paid in full.
   (3)   Payments shall be made to the following address: 480 Jefferson Blvd., #RJE135, Warwick, RI 02886.
   (4)   Include your loan number in the memorandum portion of the check or money order.

Note: When this disclosure refers to what a creditor 'may' do, it does not use the word 'may' to give the creditor specific permission. The word 'may' is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor.

6.  If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.

7.  If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**Your right to rescind (cancel) your reaffirmation agreement.** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor in writing that your reaffirmation agreement is rescinded (or canceled). You may mail this notice to: CITIZENS BANK, 480 Jefferson Blvd., #RJE135, Warwick, RI  02886.

**What are your obligations if you reaffirm the debt?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A `lien' is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**Part B:    Reaffirmation Agreement.**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

Brief description of credit agreement with CITIZENS BANK: **Retail Installment Contract**.

Debtor(s) agree(s) to be bound by all of the terms and conditions of the original agreement between the parties, which are incorporated herein by reference.

Description of any changes to the credit agreement made as part of this reaffirmation agreement: none.

Accepted by Creditor:

_____
John L. Day, Jr.
Karolina F. Perr
Weltman, Weinberg & Reis Co., L.P.A.
Agent for Creditor
525 Vine Street, Suite 800
Cincinnati, OH  45202
(513) 723-2200

Date: _10/25/06_____

Borrower: ANDREA L. PORTINGA

Signature: _Andrea Lynn Portinga_
Date: _8-29-06_____

Co-Borrower:

Signature _____

Date: _____

**Part C: Certification by Debtor's Attorney (If Any).**

☐ *When checked,* I hereby certify that:
   (1) This agreement represents a fully informed and voluntary agreement by the debtor;
   (2) This agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and
   (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *When checked,* I hereby certify that:
   A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

_____           _____
Signature of Debtor's Attorney              Date
Tim Theisen
229 Jackson Street, Suite 105
Anoka, MN 55303

**Part D: Debtor's Statement in Support of Reaffirmation Agreement.**

I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me.

I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ ~~3000~~ 2669.10, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ ~~2300~~, 2743.40 leaving $ ~~700~~ 0 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _My fiance will help_

I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

   ☐ *[If the creditor is a Credit Union and the debtor is represented by an attorney]*
When checked, I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Borrower Signature: *[signed]*                  Co-Borrower Signature: _____
Name: ANDREA L. PORTINGA                        Name: _____
Date: _____                          Date: _____

IN RE **Portinga, Andrea Lynn** _____  Case No. _____
                           Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12, or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP | AGE |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Import Carrier Account | |
| Name of Employer | Target Corporation | |
| How long employed | 9 years, 11 months | |
| Address of Employer | 33 South 6th Street Minneapolis Mn | |

|  | DEBTOR | SPOUSE |
|---|---|---|
| **INCOME:** (Estimate of average monthly income) | | |
| 1. Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ 3,095.73 | $ |
| 2. Estimated monthly overtime | $ | $ |
| **3. SUBTOTAL** | $ 3,095.73 | $ |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and Social Security | $ 547.76 | $ |
|    b. Insurance | $ 78.87 | $ |
|    c. Union dues | $ | $ |
|    d. Other (specify) _____ | $ | $ |
|  | $ | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ 626.63 | $ |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ 2,469.10 | $ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | $ |
| 8. Income from real property | $ | $ |
| 9. Interest and dividends | $ | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | $ |
| 11. Social Security or other government assistance (Specify) _____ | $ | $ |
|  | $ | $ |
| 12. Pension or retirement income | $ | $ |
| 13. Other monthly income (Specify) **Yarn Cafe (Approx Net Monthly)** | $ 200.00 | $ |
|  | $ | $ |
|  | $ | $ |
| **14. SUBTOTAL OF INCOME REPORTED ON LINES 7 THROUGH 13** | $ 200.00 | $ |
| **15. TOTAL MONTHLY INCOME** (Add amounts shown on Lines 6 through 14.) | $ 2,669.10 | $ |

**16. TOTAL COMBINED MONTHLY INCOME** $ __2,669.10__    (Report also on Summary of Schedules)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

IN RE Portinga, Andrea Lynn _____ Case No. _____
                              Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

1. Rent or home mortgage payment (include lot rented for mobile home) — $ 1,300.00
   a. Are real estate taxes included?  Yes ✓  No ___
   b. Is property insurance included?  Yes ✓  No ___
2. Utilities:
   a. Electricity and heating fuel — $ 317.00
   b. Water and sewer — $ 35.00
   c. Telephone — $ 50.00
   d. Other _____ — $
                                              $
3. Home maintenance (repairs and upkeep) — $ 25.00
4. Food — $ 250.00
5. Clothing — $ 50.00
6. Laundry and dry cleaning — $ 10.00
7. Medical and dental expenses — $ 36.40
8. Transportation (not including car payments) — $ 150.00
9. Recreation, clubs and entertainment, newspapers, magazines, etc. — $ 100.00
10. Charitable contributions — $ 25.00
11. Insurance (not deducted from wages or included in home mortgage payments)
    a. Homeowner's or renter's — $
    b. Life — $
    c. Health — $
    d. Auto — $ 66.00
    e. Other _____ — $
                                          $
12. Taxes (not deducted from wages or included in home mortgage payments)
    (Specify) _____ — $
                                              $
13. Installment payments (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan)
    a. Auto — $ 329.00
    b. Other _____ — $
    c. Other _____ — $
14. Alimony, maintenance, and support paid to others — $
15. Payments for support of additional dependents not living at your home — $
16. Regular expenses from operation of business, profession, or farm (attach detailed statement) — $
17. Other _____ — $
                                                $
                                                $

**18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)** — $ 2,743.40

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**student loans are currently in grace period or deferment. Uncertain as to how much payments will be. Prior one was $86/month but is in deferment.**

**20. STATEMENT OF MONTHLY NET INCOME**
    a. Total monthly income from Line 16 of Schedule I — $ 2,669.10
    b. Total monthly expenses from Line 18 above — $ 2,743.40
    c. Monthly net income (a. minus b.) — $ -74.30

SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reaffirmation Agreement has been sent this 26th day of October, 2006 by ordinary mail or by electronic or email notification to the following:

Tim Theisen
229 Jackson Street, Suite 105
Anoka, MN 55303


ANDREA L. PORTINGA
5336 Northport Drive
Brooklyn Center, MN 55429

John L. Day, Jr.
Karolina F. Perr